UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES B. OSTERMAN,<br><br>        Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, DIRECTOR OF INTERNAL REVENUE SERVICE, AND LAYNE CARTER REVENUE AGENT,<br><br>        Defendants. | Case No.: 15cv1495 BTM(WVG)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

  The United States of America has filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(5), or, in the alternative, to dismiss the Complaint in part pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons discussed below, the United States' motion to dismiss is **GRANTED**.

# I. BACKGROUND

On July 7, 2015, Plaintiff Charles B. Osterman commenced this action. In his Complaint, Plaintiff seeks tax refunds for tax years 2002, 2003, 2008, 2009, 2010, and 2011. Plaintiff alleges that he is owed refunds totaling $11,501.00 in addition to interest and penalties. (Compl. at 13-15.) Plaintiff also seeks damages in the amount of $250,000 for "aggravation" and "stress" contributing to health problems. (Compl. at 15.) The Complaint also mentions that Plaintiff is seeking a permanent injunction against Defendants, enjoining Defendants from performing certain acts of harassment. (Compl. at 1.)

# II. DISCUSSION

The United States moves to dismiss this action under Rule 12(b)(5) for insufficient service of process. The United States also moves to dismiss the following claims under Rules 12(b)(1) and 12(b)(6): (1) Plaintiff's refund claims for tax years 2008, 2009, 2010, and 2011; (2) Plaintiff's claim for injunctive relief; and (3) Plaintiff's claim for monetary damages against Layne Carver and the other defendants. As discussed below, the Court finds that Plaintiff has not properly served the United States, the proper defendant, as required by Rule 4(i). The Court also finds that dismissal of the claims that are the subject of the United States' Rule 12(b)(1) and 12(b)(6) motion is warranted.

A. Sufficiency of Service of Process

As an initial matter, the Court determines that the United States is the proper defendant in this action. A suit against IRS employees in their official capacities is essentially a suit against the United States. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). The Complaint does not allege any specific facts as to the "Director of Internal Revenue Service." With respect to "Layne Carter," the Complaint points to a letter that was sent by Layne Carver, an Operations Manager

1  with the IRS.  This letter [Doc. 1-2 at 150-53] was an official communication
2  cautioning Plaintiff against sending frivolous correspondence and informing
3  Plaintiff of the IRS's authority to collect taxes that civil penalties for the filing of
4  frivolous income tax returns.  Layne Carver was acting in his official capacity in
5  sending the letter, and any claims against Mr. Carver or the Director of Internal
6  Revenue Service are properly brought against the United States.  See Lotus Mgmt.
7  LLC v. Shulman, 2013 WL 6157313, at * 4 (N.D. Cal. Nov. 22, 2013) (dismissing
8  IRS employees acting in official capacity and substituting in United States as
9  proper party defendant).
10       Similarly, the IRS and Department of the Treasury are not proper defendants.
11  "It is well established that federal agencies are not subject to suits Eo nomine
12  unless so authorized by Congress in explicit language." City of Whittier v. United
13  States Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979) (internal quotation and
14  citation omitted).  See also Castleberry v. Alcohol, Tobacco & Firearms Div. of
15  Treasury Dep't, 530 F.2d 672, 673 n. 3 (5th Cir. 1976) (explaining that Congress
16  has not authorized suits against the Department of the Treasury or any of its
17  division or branches).
18       Accordingly, the Court dismisses this action as against the Department of
19  Treasury, the Internal Revenue Service, Director of Internal Revenue Service, and
20  "Layne Carter."  The Court substitutes in as the proper party defendant the United
21  States of America.
22       However, the United States must be properly served with the Summons and
23  Complaint.  Plaintiff has attempted to serve Defendants, but it does not appear that
24  he has done so properly.
25       Fed. R. Civ. P. 4(i) governs the service of the United States and its agencies,
26  corporations, officers, or employees.  Under Rule 4(i), the plaintiff must serve the
27  United States as follows:
28

**United States.** To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Plaintiff claims that he served the Summons and Complaint on the United States Attorney for the Southern District of California. However, Mary C. Wiggins, the Civil Process Clerk for the Civil Division of the Office of the United States Attorney for the Southern District of California, states that although the office had been served with a Summons and an order denying Plaintiff's request for entry of default, the office had not been served with the Complaint in this matter. (Wiggins Decl. ¶ 4.) In January 2016, Plaintiff filed a proof of service, which indicates service of the Summons on "Mary Wiggins" on January 13, 2016. [Doc. 10.] But the proof of service does not mention service of the Complaint and does not specify who took receipt of the documents.[1]

The proofs of service on the Attorney General were signed by Plaintiff himself, who attempted to serve the Attorney General by certified mail. [Doc. 10

---

[1] Apparently, in April 2016, Plaintiff mailed, through regular mail, a copy of five summonses and a partial copy of the Complaint to the United States Attorney's Office for the Southern District of California. (Opp. at 4:15-22.) This does not constitute proper service either.

at 2-4.] Service must be effected by a person who is at least 18 years old and *not a party*. Fed. R. Civ. P. 4(c)(2) (emphasis added). Furthermore, it appears that Plaintiff sent his documents to the Attorney General for the District of Columbia instead of the Attorney General for the United States.

Because service of process on Defendants was insufficient, the Court quashes the service of process. If Plaintiff wishes to proceed with this case, Plaintiff must serve the United States, the proper party defendant, as required by Rule 4(i). Plaintiff has 30 days from the filing of this Order to properly serve the United States with the Summons and Complaint and file the proof of service. Failure to do so will result in the dismissal of this action.

B. <u>Lack of Subject Matter Jurisdiction and Failure to State a Claim</u>

The United States contends that the following claims should be dismissed for lack of subject matter jurisdiction and failure to state a claim: (1) Plaintiff's refund claims for tax years 2008, 2009, 2010, and 2011; (2) Plaintiff's claim for injunctive relief; and (3) Plaintiff's claim for monetary damages. The Court agrees.

The United States is immune from suit except when it consents to be sued. <u>United States v. Dalm</u>, 494 U.S. 596, 608 (1990). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985). The taxpayer bears the burden of showing an unequivocal waiver of immunity. <u>Baker v. United States</u>, 817 F.2d 560, 562 (9th Cir. 1987).

"A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims." 28 U.S.C. § 1346(a)(1). However, before bringing such an action, a claim for refund or credit must have been filed with the IRS in accordance with applicable statutes and regulations. 26 U.S.C. § 7422(a). The administrative claim must be filed within 3

years from the time the return was filed or 2 years from the time the tax was paid, whichever of such period expires later. 26 U.S.C. § 6511(a). If a taxpayer fails to file an administrative claim within the prescribed time, the district court is divested of jurisdiction over an action for a refund or credit. <u>Omohundro v. United States</u>, 300 F.3d 1065, 1067 (9th Cir. 2002).

Although Plaintiff alleges that he sent correspondence to the IRS requesting refunds for the tax years in question, he does not allege that he filed an administrative claim according to IRS procedures. Therefore, the Court dismisses Plaintiff's refund claims for tax years 2008, 2009, 2010, and 2011. <u>See</u> <u>Del Elmer v. Metzger</u>, 967 F. Supp. 398, 404 (S.D. Cal. 1997) (dismissing claim for refund because, among other things, the plaintiff had not alleged that he had filed a proper administrative claim for refund with the IRS). The Court does not reach the United States' arguments on the merits for dismissing these refund claims.

The United States does not seek to dismiss any refund claims for tax years 2002 and 2003 at this time.[2] Therefore, the Court does not dismiss these claims.

Although Plaintiff's Complaint states that Plaintiff is seeking a preliminary injunction, the Complaint does not specify what actions Plaintiff seeks to enjoin. To the extent that Plaintiff seeks to enjoin the IRS from assessing or collecting any tax liabilities, such relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. The Anti-Injunction Act provides that, with limited statutory exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the

---

[2] Plaintiff seeks refunds in the amount of $180 and $1,392 for withholding overpayment credits for tax years 2008 and 2010 respectively. However, it appears that the IRS applied the overpayments to tax liabilities for years 2002 and 2003. (Morris Decl. ¶¶ 6.a., 6.c.) Plaintiff, who asserts that there were no tax liabilities for 2002 and 2003, may seek a refund for tax years 2002 and 2003 for these amounts if Plaintiff has filed a timely administrative claim.

person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Act's purpose is to permit the government to assess and collect taxes it determines to be owed without judicial intervention. <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962).

In <u>Enochs</u>, the Supreme Court construed the Anti-Injunction Act as including an equitable exception under which the plaintiff can file an action where the taxpayer shows that "under no circumstances could the Government ultimately prevail." 370 U.S. at 7. Plaintiff has not made this showing. Therefore, his preliminary injunction claim is dismissed.

Plaintiff seeks monetary damages in the amount of $250,000 for aggravation and stress. It appears that Plaintiff is attempting to bring a civil action against the United States under 26 U.S.C. § 7433. Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, *such civil action shall be the exclusive remedy for recovering damages resulting from such actions*.

(Emphasis added.)

A plaintiff suing under section 7433 must exhaust administrative remedies. 26 U.S.C. § 7433(d)(1); 26 C.F.R. § 301.7433-1. The Complaint does not allege that Plaintiff has exhausted his administrative remedies. Therefore, the Court dismisses Plaintiff's claim for damages. See <u>Gray v. United States</u>, 723 F.3d 795 (7th Cir. 2013) (affirming district court's dismissal of plaintiff's suit under 26 U.S.C. § 7433 because the plaintiff had not presented her claims to the IRS prior to filing suit).

//
//

## III. CONCLUSION

For the reasons discussed above, the United States' motion to dismiss [Doc. 11] is **GRANTED**. The Court quashes the service of process on Defendants. The United States is substituted in as the proper party defendant, and this case is dismissed as against the Department of Treasury, the Internal Revenue Service, Director of Internal Revenue Service, and "Layne Carter." If Plaintiff wishes to proceed with this case, Plaintiff must serve the United States in conformity with Rule 4(i). Plaintiff has 30 days from the filing of this Order to properly serve the United States with the Summons and Complaint and file the proof of service. Failure to do so will result in the dismissal of this action.

The Court also dismisses the following claims: (1) Plaintiff's refund claims for tax years 2008, 2009, 2010, and 2011; (2) Plaintiff's claim for injunctive relief; and (3) Plaintiff's claim for monetary damages. Plaintiff's refund claims for tax years 2002 and 2003 remain pending.

If Plaintiff properly serves the United States with the Summons and Complaint, Plaintiff may seek leave from the Court to amend his Complaint.

After the United States' motion to dismiss was submitted on the papers, Plaintiff filed a motion for summary judgment. In light of Plaintiff's failure to serve the proper defendant, the dismissal of the majority of Plaintiff's claims, and the potential amendment of the Complaint, the Court **DENIES** without prejudice Plaintiff's motion for summary judgment [Doc. 18].

**IT IS SO ORDERED.**

Dated: July 11, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court